UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| JONATHAN DENNIS BURCHFIELD, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 1:12-cv-00157 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| TOMMY MIZE, JR., | ) | |
| Defendant. | ) | |

ORDER

Plaintiff, Jonathan Dennis Burchfield, an inmate at the South Central Correctional Center (SCCF) in Clifton, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against the Defendant Tommy Mize, a correctional officer at SCCF. Plaintiff alleges that the Defendant took or destroyed stamps that belonged to the Plaintiff. (Docket No. 1 at 4). The Plaintiff also filed an application to proceed *in forma pauperis.* (Docket No. 2).

The Plaintiff initially filed his suit in the Eastern District of Tennessee. (Docket No. 3). However, the Honorable Thomas A. Varlan, Eastern District of Tennessee, Knoxville, determined the Plaintiff's claim arose at the SCCF. *Id.* at 2, which is in the Middle District, and that no defendant resides in the Eastern District. *Id.* at 1. Consequently, Judge Varlan transferred this action to this District. *Id.* at 1-2. Prior to transfer, the Judge Varlan granted the Plaintiff's application to proceed as a pauper. *Id.* at 1. Because the Plaintiff is a prisoner, this Court must review his complaint. 28 U.S.C. § 1915A(b).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

1

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff's complaint alleges claims under 42 U.S.C. § 1983. To state a claim under § 1983, the Plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that, on September 6, 2012, while Defendant was distributing inmate mail at the SCCF, Defendant lingered outside of the Plaintiff's cell door for "about two minutes" before he gave Plaintiff his mail. Plaintiff alleges that, when he received his mail, stamps sent to him by his mother were missing. Although the complaint does not expressly allege that Defendant Mize took or destroyed the stamps, the Court infers that Plaintiff's theory, as reflected in the remedy section of the complaint, is that the sole named Defendant is "charged with theft." (Docket No. 1 at

2

pp. 4-5).

Upon review of the complaint, the Court finds that the Plaintiff's claim for loss of his personal property, *i.e.*, the postage stamps allegedly sent to him by his mother) warrants dismissal as a matter of law. A negligent or unintentional deprivation of property is not actionable under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). To the extent that the Plaintiff alleges that Defendant Mize intentionally deprived the Plaintiff of his property, a plaintiff may not bring a Section 1983 suit on this basis if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)(extending *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), to intentional property deprivations).

Plaintiff bears the burden of proving that state remedies for addressing the wrong are inadequate. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. *McLaughlin v. Weathers*, 170 F.3d 577, 581-82 (6th Cir. 1999). Therefore, absent allegations that the Plaintiff has been denied the due process safeguards guaranteed to him by state law, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted in a Section 1983 action.

Where a prisoner plaintiff fails to state a claim, the Court must dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the Court concludes that the Plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's state law claims. Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

This the 15th day of November, 2012.

_____
William J. Haynes, Jr
Chief United States District Judge

4